1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MTULA TASHAMBY PAYTON,                    Case No.  2:25-cv-0234-JDP (P)

12                      Plaintiff,

13          v.                                  ORDER

14    SACRAMENTO COUNTY,

15                      Defendant.

16

17

18          Plaintiff, an inmate at the Sacramento County Jail, brings this action against eight

19    defendants, alleging that his rights were violated when staff at the jail failed to protect him from

20    an attack by other inmates and used excessive force against him.  ECF No. 13 at 5-8.  After

21    review of the amended complaint, I find that, for screening purposes, plaintiff has stated a

22    cognizable Fourteenth Amendment[1] failure-to-protect claim against defendant Rolland.  The

23    complaint fails, however, to state a cognizable claim against any other defendant.  Plaintiff shall

24    indicate whether he desires to proceed only with his claim against Rolland or delay serving any

25    _____

26          [1] As an apparent pretrial detainee, plaintiff's failure-to-protect claim arises under the
Fourteenth Amendment rather than the Eighth.  *See Crossley v. Tulare Cnty. Sheriff*, 1:21-cv-
01758-GSA-PC, 2023 U.S. Dist. LEXIS 96472, *10 (E.D. Cal. Jun. 1, 2023) ("A pretrial detainee

27    is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he
has not been convicted of a crime . . . . A pretrial detainee instead is protected from punishment

28    without due process under the Due Process Clause of the Fourteenth Amendment.").

defendant and file another amended complaint.

## I.    Screening Standards

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

Plaintiff alleges that in June 2022 he warned jail staff that housing him with inmates who are members of the "Blood" gang would place him at high risk of attack. ECF No. 13 at 5. He claims that defendant Rolland ignored these warnings and transferred him to a unit at the jail

1  where he was housed near or with rival gang members.  *Id.*  Afterwards, plaintiff was physically

2  attacked by some of those gang members.  *Id.*  These allegations, construed liberally, are

3  sufficient to state a Fourteenth Amendment failure-to-protect claim against Rolland.

4        Plaintiff's other claims, by contrast, are non-cognizable.  He claims that defendants Reyes,

5  Little, Malyuk, Esquevel, and Adams failed to protect or intervene to protect him during the

6  attack.  *Id.*  This claim is insufficiently pled.  He offers no specific allegations as to what each did

7  or was positioned to do, or how the attack unfolded.  Elsewhere in the complaint, plaintiff alleges

8  that an officer named Galovich failed to prevent officer misconduct and allowed unconstitutional

9  practices to persist under his watch.  *Id.* at 11.  He offers no specifics, however.  Accordingly, I

10  find that the complaint fails to provide each of these defendants with adequate notice of the

11  allegations against him or her.

12        Similarly, plaintiff's excessive force against defendant Reyes is inadequate.  He alleges

13  only that, after the attack by the other inmates, Reyes tackled and punched him without

14  justification.  *Id.* at 5, 7.  I cannot tell from the vague allegations offered whether this use of force

15  was related to the initial attack.  If the use of force was unrelated, then it cannot proceed in this

16  case and must be brought separately.

17        Finally, plaintiff alleges that Sacramento County's customs, policies, and overall failure to

18  train were contributing factors in the attack.  *Id.* at 6, 8.  But he does not identify any specific

19  customs or policies or allege how the county failed to train its employees.  Accordingly, these

20  allegations also do not give rise to any viable claim.

21

22

23

24

25

26

27

28

Accordingly, it is ORDERED that:

1.    Within thirty days, plaintiff may confirm his intent to proceed only with the Fourteenth Amendment claims against Rolland or, within that same time, file another amended complaint with the understanding that doing so will delay service of any defendant.

2.    The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    September 15, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4