UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MTULA TASHAMBY PAYTON,

Plaintiff,

v.

SACRAMENTO COUNTY,

Defendant.

Case No.  2:25-cv-0234-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, an inmate at the Sacramento County Jail, brings this action alleging that his rights were violated when staff at the jail failed to protect him from an attack by other inmates and used excessive force against him. ECF No. 17 at 5-6. After review of the second amended complaint, I find that, for screening purposes, plaintiff has stated a cognizable Fourteenth Amendment[1] failure to protect claim against defendant Rolland and a Fourteenth Amendment excessive force claim against defendant Reyes. The complaint fails, however, to state a

---

[1] As an apparent pretrial detainee, plaintiff's failure to protect claim and excessive force claims arise under the Fourteenth Amendment rather than the Eighth. *See Crossley v. Tulare Cnty. Sheriff*, 1:21-cv-01758-GSA-PC, 2023 U.S. Dist. LEXIS 96472, *10 (E.D. Cal. Jun. 1, 2023) ("A pretrial detainee is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he has not been convicted of a crime. . . . A pretrial detainee instead is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment.").

1

cognizable claim against the Sacramento County Sheriff's Department ("sheriff's department"). Plaintiff has been afforded multiple opportunities to amend and, accordingly, I will direct service for Rolland and Reyes and recommend that the claims against the sheriff's department be dismissed.

## I.    Screening Standards

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that defendant Rolland failed to protect him from an attack by other detainees, and that, at some point thereafter, defendant Reyes physically assaulted him. ECF No. 17 at 5-6. Construed liberally, these allegations allege adequate and related Fourteenth Amendment claims against these two defendants. By contrast, plaintiff's claims against the sheriff's department are not cognizable. As before, he alleges that the department's customs and policies were contributing factors in the alleged violations of his rights, but he fails to adequately identify specific policies or connect them to the alleged incidents. *Id.* at 3-4. Additionally, plaintiff' class-of-one equal protection claims are not cognizable because he has failed to adequately allege that he was intentionally treated differently from other similarly situated detainees without a rational basis. *See Gerhart v. Lake County Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2010). He vaguely claims that detainees of different races and ethnicities were treated differently but provides no examples or specific claims regarding this disparate treatment.

Accordingly, it is ORDERED that:

1.   The Clerk of Court shall assign a district judge to this action.

2.   Plaintiff may proceed with the Fourteenth Amendment claims against Rolland and Reyes deemed cognizable in this order.

3.   The clerk of court shall send plaintiff a USM-285 form, a summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed October 20, 2025, ECF No. 17.

4.   Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a.     one completed summons for the defendants;

    b.     two completed USM-285 forms; and

    c.     three copies of the signed October 20, 2025 complaint.

5. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to

3

serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

6. The failure to comply with this order may result in dismissal of this action for failure to prosecute.

Further, it is RECOMMENDED that all claims and defendants, other than the Fourteenth Amendment claims against Rolland and Reyes deemed cognizable in this order, be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 30, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MTULA TASHAMBY PAYTON,

      Plaintiff,

    v.

SACRAMENTO COUNTY,

      Defendant.

Case No.  2:25-cv-0234-JDP (P)

NOTICE OF SUBMISSION OF DOCUMENTS

In accordance with the court's Screening Order, plaintiff must submit:

    __1__    completed summons form

    __2__    completed forms USM-285

    __3__    copies of the October 20, 2025 complaint

_____

                               Plaintiff

Dated:

5